In the Matter of SEYMOUR HARRY EIDMAN, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, the NEW YORK COUNTY LAWYERS' ASSOCIATION and the BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, July 13, 1965.

*Angelo T. Cometa (Daniel J. McMahon* with him on the brief), attorney for petitioner.

*Stuart Edward Levison (R. Paul Bohlin* with him on the brief), attorney for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Department in March, 1956. In this disciplinary proceeding the petition alleges six charges. Eleven hearings were had between September 17 and October 23, 1964. The Referee found the first and sixth charges were not sustained and the second through the fifth charges were sustained in whole or in part. Petitioner's motion to confirm is opposed by the respondent.

Charge 2 is that respondent caused to be submitted to the insurance carriers false statements of loss of earnings. It rests on two specifications, one involving a claim by the father of respondent's partner and the other a claim by Fred M. Stern.

The claim of the father of respondent's partner was settled for $2,287.65. Respondent received no compensation for his services. The loss of earnings statement was prepared and signed by an employee of respondent's firm who was in charge of the matter. The company controlled by the employee's father, a plumber, did work for the claimant. The employee was in charge of his father's correspondence, had his company's letterheads and was authorized to sign his name thereto. We do not credit the denials of the two fathers as to their lack of knowledge of the preparation and submission of the statement to the carrier. Our examination of the record does not satisfy us that respondent knew the statement to be false.

Fred M. Stern and William Herzka were the principals of Sterka Radio & T. V., Inc. Several mail requests were made of Sterka by the carrier for a statement as to the loss of earnings of Stern. A statement was signed by Herzka falsely certifying to loss of earnings which was transmitted to the carrier. Herzka admits his signature but disavows knowledge of the circumstances under which he signed it. We credit the respondent's explanation and find he had no knowledge that Stern was otherwise employed.

Charge 3 is that respondent caused to be submitted false medical reports to insurance carriers. Our examination of the record satisfies us that the six claimants involved sustained injuries neither serious nor permanent. The record fails to

establish false injuries. However, it does appear that the medical charges were inflated and in the exercise of reasonable judgment the respondent should have been aware that the charges were not justified by the services rendered.

Charge 4 is that respondent undertook to pay various expenses of litigation. This charge was limited during the hearings to medical expenses relative to four clients. The evidence is that the checks in settlement of the claims were deposited to the firm's trust account; that payments by checks were therefrom made to the clients and the doctors and the balance transferred to the firm's general account. We find no evidence to support the charge of any undertaking by the respondent to pay or be liable for any medical bill, or that any medical bill was in fact paid by the respondent.

Charge 5 is that closing statements filed by the respondent's firm did not disclose payments for medical charges. Six specifications are involved; two of the statements were signed by the respondent and four of them were signed by his partner. Respondent testified the omissions were inadvertent; and that numerous other statements filed by the firm did set forth medical payments.

The Referee's report is confirmed to the extent that the respondent is found to have caused to be submitted to insurance carriers medical charges he should have known to be exaggerated and to have caused to be filed closing statements which carelessly omitted to set forth payments of medical charges; the report is otherwise disaffirmed.

It is professional misconduct to knowingly submit to insurance carriers medical charges which in the exercise of reasonable judgment should have been known to be exaggerated. (*Matter of Sacks*, 21 A D 2d 483, 486.) The failure to properly list disbursements in closing statements is also professional misconduct. (*Matter of Reisler*, 20 A D 2d 315, 317.)

We have taken into consideration certain mitigating circumstances: the respondent's youth; his family background; his excellent scholastic record; and his co-operation. We also note that in some instances respondent acted without compensation and that he has been engaged in laudable communal activities.

In the circumstances, respondent should be suspended from the practice of the law for the period of six months.

RABIN, J. P., VALENTE, McNALLY, EAGER and STEUER, JJ., concur.

Respondent suspended for a period of six months effective August 13, 1965.